UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PETER SOROKAPUT,                          :

        Plaintiff                    :        CIVIL ACTION NO. 3:26-685

     v.                                   :           (JUDGE MANNION)

JAMES E. BONNER,                          :
Coaldale Police Officer, and
TOWN OF COALDALE,                         :

        Defendants                   :

## MEMORANDUM

Pending before the court is the report of United States Magistrate Judge Daryl F. Bloom which recommends that the plaintiff's complaint be dismissed without prejudice. (Doc. 15). The plaintiff has filed what has been docketed as objections to Judge Bloom's report. (Doc. 16). Upon review of all relevant documents, the report and recommendation of Judge Bloom will be adopted, as modified, as the opinion of the court and the plaintiff's objections will be overruled.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The plaintiff filed his initial complaint on March 17, 2026 (Doc. 1), along with an unsigned motion for leave to proceed *in forma pauperis* (Doc. 2), and a motion to appoint counsel (Doc. 3). After having been directed to do so, (Docs. 5, 7), on April 20, 2026, the plaintiff filed an appropriate application to proceed *in forma pauperis*. (Doc. 8). On April 21, 2026, the plaintiff filed a

second motion for appointment of counsel. (Doc. 10). And, on May 8, 2026, the plaintiff filed a supplement to his complaint. (Doc. 11).

On May 19, 2026, Judge Bloom conditionally granted the plaintiff's motion to proceed *in forma pauperis* and deemed the plaintiff's complaint filed. (Doc. 14). Also on that date, Judge Bloom issued the instant report and recommendation. (Doc. 15). As discussed by Judge Bloom, the plaintiff brings this action against Coaldale police officer James Bonner and the Town of Coaldale. Between the original complaint and the supplement, the plaintiff provides very little information. However, it appears that the plaintiff is attempting to bring a Fourth Amendment claim against defendant Bonner for an unlawful search. Although the plaintiff takes issue with the representation provided by his counsel during his state criminal proceedings, he does not name him as a defendant in the case.

While the plaintiff provided no indication as to when any of this conduct occurred, a search of the public docket led Judge Bloom to discover that the plaintiff was arrested by defendant Bonner in February 2019 and subsequently pleaded guilty in November 2019 to a number of charges including rape of a child, aggravated indecent assault of a child, incest of a minor under the age of 13, corruption of minors, endangering the welfare of children, indecent assault of a person under the age of 13, and indecent

- 3 -

exposure. The plaintiff was sentenced to an aggregate term of thirty (30) to sixty (60) years imprisonment.

In considering the plaintiff's complaint and supplement, Judge Bloom concludes that the plaintiff's complaint should be dismissed. Initially, Judge Bloom finds that the plaintiff's complaint and supplement fail to comply with Rule 8 of the Federal Rules of Civil Procedure. In this regard, Judge Bloom points out that the complaint contains no information as to the facts surrounding the alleged unlawful search by defendant Bonner, it contains no allegations whatsoever with regard to the Town of Coaldale upon which municipal liability may be found, and it fails to name the plaintiff's criminal attorney with whom the plaintiff takes issue. Moreover, Judge Bloom finds that, if the plaintiff's Fourth Amendment claim is based upon his February 2019 arrest by defendant Bonner, it is barred by the applicable two-year statute of limitations. *See* 42 Pa.Cons.Stat. §5524; *Kach v.* Hose, 589 F.3d 626, 639 (3d Cir. 2009). Finally, based upon the public docket, Judge Bloom finds that the plaintiff's criminal matter is still ongoing as he is waiting appellate review and therefore this court should abstain from considering the plaintiff's claims under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) .

- 4 -

In what has been filed as the plaintiff's objections, the plaintiff does nothing to challenge Judge Bloom's findings. In fact, the plaintiff confirms that the search conducted by defendant Bonner in relation to his February 2019 arrest is what he is challenging in his Fourth Amendment claim, which solidifies that his Fourth Amendment claim is barred by the applicable statute of limitations. Again, the plaintiff attempts to raise issues with respect to his criminal proceedings and the actions of his counsel during those proceedings, this time identifying his counsel.

Considering the record, including the plaintiff's complaint, supplement, Judge Bloom's report and recommendation and the plaintiff's objections thereto, the court finds no clear error. Moreover, the court agrees with Judge Bloom in all respects except that, in light of the fact that the plaintiff's Fourth Amendment claim against defendant Bonner is clearly barred by the applicable two-year statute of limitations, that claim will be dismissed with prejudice.

Based upon the foregoing, an appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

DATE: 7/14/26

26-685-01

- 5 -